This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41541**

**STATE OF NEW MEXICO,**

> Plaintiff-Appellee,

v.

**JUSTIN R. NAYLOR a/k/a JUSTIN NAYLOR,**

> Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Court Judge**

Raúl Torrez, Attorney General
Lee Green, Assistant Solicitor General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WRAY, Judge.**

**{1}** This matter was submitted to the Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, the Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, the answer brief, and the reply brief, we affirm for the following reasons.

**{2}**     Defendant appeals his four convictions for trafficking controlled substances. [BIC 10; 2 RP 275-78] Defendant first argues that the district court erred in excluding two defense witnesses before trial, which he asserts were related to an entrapment defense centered on his residence in a rehab facility. [BIC 1, 11] About a month before trial, Defendant filed a witness list naming the two witnesses and the State moved to exclude them. [BIC 3; 1 RP 201, 203-205] Defendant appears to have never responded to the motion in writing and the witness list does not contain the substance of the witnesses' testimony. [1 RP 201] In its order granting the State's motion, the district court noted that Defense counsel had indicated that the testimony of the two witnesses "would go to whether the Defendant had the specific intent to engage in trafficking." [1 RP 227] However, the district court found that "neither [witness] can testify about what was going on in the Defendant's mind and what he might or might not have done or been doing at the time the alleged crimes were supposed to have occurred." [Id.] The district court also found that Defendant's witness list was untimely pursuant to Rule 5-502(A)(3) NMRA and the discovery deadlines imposed by the district court's scheduling order. [1 RP 227-28]

**{3}**     Defendant concedes that "the witnesses were technically disclosed late," but argues that "such a technical violation cannot deprive [Defendant] of his constitutional right to present a defense and to compel witnesses on his behalf." [BIC 18-19] Defendant asserts the district court excluded witnesses without considering the factors required by *State v. Le Mier*, 2017-NMSC-017, ¶ 15, 394 P.3d 959 (enumerating factors). [BIC 12] It is undisputed that the district court did not conduct this analysis. [AB 1]

**{4}**     However, as noted above, this was not the only basis for the district court's order. The district court also excluded the witnesses because it concluded that they could not testify to Defendant's proffered reason for their testimony. At the hearing on the State's motion, it appears that Defendant could not proffer the substance of the two witnesses' testimony, despite several requests from the district court. [AB 6-7] Defendant asserted only that they would testify about specific intent and the underlying circumstances of Defendant's entrapment without providing any specific details. [AB 6] The State disputed that the witnesses could provide such testimony because they were not present during any of the sales that were the subject of Defendant's convictions or when the communications occurred that led to those sales. [Id.]

**{5}**     Rule 11-602 NMRA states that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Here, Defendant did not establish that the witnesses had personal knowledge sufficient to testify to either Defendant's specific intent or his entrapment defense given the complete absence of any proffer of the witnesses' intended testimony. Consequently, we conclude that the district court did not abuse its discretion in excluding those witnesses. *See State v. Smith*, 2001-NMSC-004, ¶ 21, 130 N.M. 117, 19 P.3d 254 (determining that the trial court did not abuse its discretion in confining the testimony of a witness to his personal knowledge).

**{6}** Defendant asserts in his reply brief that "[t]o the extent [one of the witnesses'] testimony, based on his own personal knowledge, went to the propriety of the police investigation and tactics in potentially recruiting from the rehabilitation center, his testimony would have been relevant and admissible in establishing entrapment." [RB 4] However, Defendant made no such assertion at the motion hearing and Defendant's briefing before this Court does not provide a cite to any such assertion being raised below. Therefore, we conclude that this argument is unpreserved. *See State v. Rojo*, 1999-NMSC-001, ¶ 44, 126 N.M. 438, 971 P.2d 829 (noting that this Court will not search the record to find whether an issue was preserved where the defendant did not refer the court to appropriate transcript references).

**{7}** Defendant next contends that the district court violated his constitutional rights when it failed to rule, as a matter of law, that Defendant was the subject of objective entrapment. [BIC 20] *See State v. Shirley*, 2007-NMCA-137, ¶ 17, 142 N.M. 765, 170 P.3d 1003 (noting that one of the two ways objective entrapment can occur is when the district court rules as a matter of law that police conduct exceeded the standards of proper investigation). Defendant acknowledges that he withdrew his entrapment defense prior to trial. [BIC 5, 20] However, he suggests that the district court could still have sua sponte directed a verdict finding entrapment based on its own evaluation of the evidence and requests review for fundamental error. [BIC 20-21] *See State v. Martinez*, 1996-NMCA-109, ¶ 37, 122 N.M. 476, 927 P.2d 31 (rejecting the defendant's claim of fundamental error when the district court did not sua sponte instruct the jury on entrapment).

**{8}** Defendant contends he was subjected to entrapment based on the conduct of the undercover agent involved in the transactions for the sale of the methamphetamine. [BIC 23] Defendant relies on *State v. Vallejos*, 1997-NMSC-040, ¶ 18, 123 N.M. 739, 945 P.2d 957, for the proposition that examples of police misconduct that support an entrapment defense include persistent solicitation to overcome a defendant's hesitancy. [BIC 21] Defendant points to the fact that the undercover agent arranged to meet Defendant four times in a two-week period to purchase methamphetamine and that Defendant informed the undercover agent that "he was not comfortable traveling with large quantities of methamphetamine." [BIC 24] These facts do not establish persistent solicitation or hesitancy. The evidence before the district court established that Defendant willingly sold methamphetamine on four separate occasions and he does not direct us to any testimony indicating that he did not immediately agree to conduct each of those transactions. Further, Defendant's statement that he was uncomfortable traveling with large quantities of methamphetamine does not demonstrate a lack of desire to commit the crime of trafficking; rather, it more readily shows that Defendant was concerned with getting caught.

**{9}** Lastly, relying on *State v. Baca*, 1987-NMSC-092, 106 N.M. 338, 742 P.2d 1043, Defendant asserts that one of the excluded witnesses facilitated a "conduit" like relationship between Defendant and the undercover agent. [BIC 24] In *Baca*, our Supreme Court found that the defendant was entrapped because he "acted as nothing more than a conduit, conveying cocaine from a police informant to a policeman." *Id.* ¶

13. In this case, unlike *Baca*, there is no suggestion that any of the excluded witnesses were acting as informants and provided Defendant with the methamphetamine he was charged with trafficking to the undercover agent. As such, we perceive no error, let alone fundamental error, in the district court's decision not to sua sponte issue a directed verdict based on entrapment in this circumstance. *See State v. Silva*, 2008-NMSC-051, ¶ 11, 144 N.M. 815, 192 P.3d 1192 ("The first step in reviewing for fundamental error is to determine whether error occurred. If that question is answered affirmatively, we then consider whether the error was fundamental." (citation omitted)). As such, we affirm Defendant's convictions.

**{10}   IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**